UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ZAIDA B.,
               Plaintiff,

     -against-
                                         MEMORANDUM DECISION
COMMISIONER OF SOCIAL SECURITY,         AND ORDER

               Defendant.                 20 Civ. 09748 (GBD) (GRJ)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Zaida B.[1] brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner of Social Security's determination that she last qualified for disability benefits on December 31, 2017 ("the date last insured") and denied her any benefits for after that date. (Compl., ECF No. 1; SA Admin. Record, ECF No. 16, 75.) The Plaintiff and Commissioner cross-moved for a judgment on the pleadings. (Pl.'s Mot. for Judgment on the Pleadings, ECF No. 20; Comm'r Cross Mot. for Judgment on the Pleadings, ECF No. 22.) Before this Court is Magistrate Judge Gary R. Jones' June 1, 2022 Report and Recommendation, ("Report," ECF No. 27), recommending that Plaintiff's motion be granted; the Commissioner's motion be denied; and the case be remanded for further proceedings. (Report at 23.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and remands the case to the Administrate Law Judge ("ALJ").

      A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Jones did not err in finding that the ALJ failed to adequately consider the medical opinion evidence or develop the record. The record consisted of one medical opinion from a non-treating physician. The opinion suggested that Plaintiff could occasionally lift 20 pounds and could stand/walk for 6 hours in an 8-hour workday, but "found the record evidence otherwise insufficient to adequately assess the impact of Plaintiff's impairments on her functioning as of the date last insured." (Report at 9 (quotations omitted).) The record also included four competing medical opinions all rendered in 2019 from her treating physicians at the time that posited Plaintiff is limited in her ability to work. (Report at 10-12.) In making his determination, the ALJ wholly disregarded one opinion from a treating physician. (Report at 13.) The ALJ found the other three treating physicians' opinions unpersuasive because they made no reference to medical records prior to the date last insured. (Report at 13.) However, as the Report states, "the only medical opinion supporting the ALJ's decision is the one provided by [the non-treating physician]," which found the record insufficient to assess her disability as of the date last insured. (Report at 13-14.) "Under these circumstances, the ALJ was not at liberty to substitute his medical judgment in interpreting the medical record from prior to the date last insured and had a duty to further develop the record." (Report at 14-15 (citing *Rogers v. Astrue*, 895 F. Supp. 2d 541, 552 (S.D.N.Y. 2012) ("In sum, it was legal error for the ALJ to rely on Plaintiff's lack of evidence from the relevant time period to deny benefits without first attempting to adequately develop the

record..."). Thus, Magistrate Judge Jones was correct to find that the ALJ failed to discharge his duty.

Magistrate Judge Jones also did not err in finding that the ALJ made an unsubstantiated credibility determination. A claimant's subjective complaints are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue,* 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted). The ALJ is supposed to weigh the credibility of a claimant's subjective complaints by following a two-step process. *See Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). The ALJ found that claimant's complaints were not supported by the medical record. (Report at 20.) "This conclusion, however, is undermined by the ALJ's errors in assessing the medical opinion evidence, as outlined above." (*Id.*) In addition, the ALJ's assessment of Plaintiff's complaints were inconsistent with Plaintiff's complaints. (*Id.*) "For these reasons the ALJ's credibility analysis cannot be sustained." (*Id.*)

For the foregoing reasons, Magistrate Judge Jones' Report and Recommendation is ADOPTED IN FULL. The Commissioner's motion for judgment on the pleadings is DENIED. Plaintiff's motion seeking the same is GRANTED. The case is remanded to the ALJ for further proceedings. The Clerk of Court is directed to terminate the motions, (ECF Nos. 20, 22).

Dated: New York, New York
August 30, 2022

SO ORDERED.

GEORGE B. DANIELS
United States District Judge