**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

ZAIDA BORGES,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------- x

**MEMORANDUM DECISION
AND ORDER**

20 Civ. 9748 (GBD) (GRJ)

GEORGE B. DANIELS, United States District Judge:

Plaintiff's counsel Daniel A. Osborn, of Osborn Law P.C., moves for an award of $20,432.47 in attorney's fees under 42 U.S.C. § 406(b), pursuant to a contingency fee agreement. (Mot. for Attorney's Fees ("Mot."), ECF No. 32; Mem. of Law in Support of Mot. ("Mem."), ECF No. 34, at 1.)

On August 31, 2022, this Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings. (Mem. Decision & Order, ECF No. 28, at 3.) Thereafter, the parties stipulated that Defendant would pay $7,750.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as a result of Plaintiff's successful appeal to this Court. (Stip. & Order, ECF No. 31.) Owing to Plaintiff's outstanding tax obligations, the EAJA fee was later reduced by $670.81 to $7,079.19. (Letter, ECF No. 33-5.)

On remand, Plaintiff received a fully favorable decision. (Notice of Decision, ECF No. 33-6.) A Notice of Award letter, issued to Plaintiff following the decision, indicates that the Commissioner withheld $20,432.47, representing 25% of Plaintiffs' past-due benefits, for a potential fee request. (Notice of Award, ECF No. 33-7, at 3.)

Plaintiffs' counsel filed the instant motion on February 14, 2024. (Mot.) The Commissioner "neither supports nor opposes" the motion. (Def.'s Resp. ("Resp."), ECF No. 35, at 1.) For the reasons set forth herein, the motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. This Court authorizes the Commissioner to pay $20,432.47 in attorney's fees. Upon receipt of this sum, Mr. Osborn is directed to refund the $7,079.19 EAJA award to Plaintiff.

## I.   THE FEE REQUEST IS GRANTED

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented by counsel, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

### A.   The Request Is Permissible and Timely Under § 406(b)

The Second Circuit has deemed Section 406(b) fee applications to be subject to Federal Rule of Civil Procedure 54, and so they must be filed within fourteen days after the entry of judgment. *See Sinkler v. Berryhill*, 932 F.3d 83, 85, 88 (2d Cir. 2019). In so doing, the Second Circuit equitably tolls this filing period until a party receives notice of the benefits award.[1] *Id. Sinkler* also "empower[s]" a court to "enlarge" the fourteen-day filing period where circumstances warrant. *Id.* at 89.

---

[1] *Sinkler* is also ambiguous as to whether the tolling period ends when the party to the action receives notice of the award or when the party's counsel receives notice. *Compare Sinkler*, 932 F.3d at 88 ("Once *counsel* receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed— there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period to a § 406(b) filing . . . ." (emphasis added)), *with id.* at 91 ("[T]he fourteen-day filing period starts to run when the *claimant* receives notice of the benefits calculation." (emphasis added)).

Here, the Notice of Award is dated June 19, 2023 (Notice of Award), and Mr. Osborn "presume[s]" that the attorney who represented Plaintiff at the administrative level received the notice on November 15, 2023. (*See* Mem. at 4 & n.1.) Mr. Osborn states that administrative counsel notified him of Plaintiff's award on January 31, 2024 (*see* Email, ECF No. 33-8), and he submitted the instant motion fourteen days later, on February 14, 2024. (Mot.) Under these circumstances and in accordance with the discretion afforded by *Sinkler*, this Court will deem the request timely.[2]

### B. The Requested Fee Is Reasonable

The Second Circuit has held that a district court should generally enforce a contingency fee agreement if it finds that it is reasonable. *Wells v. Sullivan*, 907 F.2d 367, 369–70 (2d Cir. 1990) (finding that § 406(b) sets an "upper limit" of 25% of a claimant's past-due benefits in determining the reasonableness of a contingency fee agreement). To determine the reasonableness of a contingency fee, a court should determine (1) whether the fee exceeds the 25% maximum; (2) whether there was "fraud or overreaching" in making the contingency fee agreement; and (3) whether the size of the requested award constitutes a "windfall" to the attorney. *Id.* at 372.

The fee that Mr. Osborn requests is reasonable. Plaintiff's retainer agreement indicates that the attorney's fee would be 25% of her past-due benefits (Retainer Agreement, ECF No. 33-1), which, per the Notice of Award letter, is $20,432.47. (Notice of Award at 3.) Furthermore, the record is devoid of any evidence whatsoever of fraud or overreaching.

In *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022), the Second Circuit set forth four factors to assess whether a requested amount would be a windfall to an attorney:

---

[2] This Court also notes that the Commissioner did not raise the timeliness issue in his response to the instant motion. (*See* Resp.)

(1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";
(2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level";
(3) "the satisfaction of the disabled claimant"; and
(4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

After considering the *Fields* factors, this Court finds that the amount requested does not constitute a windfall to Mr. Osborn. Mr. Osborn was able to obtain a favorable outcome for his client in an eminently reasonable 34.5 hours of attorney time and 3.7 hours of paralegal time (*see* Timesheet, ECF No. 33-3), even though Plaintiff only retained him prior to commencing her appeal in this Court. (*See* Retainer Agreement.) Indeed, "[c]ourts within the Second Circuit generally and routinely endorse 20–40 hours for work performed by counsel in Social Security disability cases." *Madigan v. Kijakazi*, No. 19 Civ. 5725 (AEK), 2023 WL 4348524, at *4 (S.D.N.Y. July 5, 2023). There is no indication that Plaintiff is dissatisfied with the successful result that her attorney obtained, and because "there is never any guarantee that a contingency case will be successful," such an outcome was by no means assured. *See Johnson v. Kijakazi*, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022). Additionally, the de facto hourly rate of $581.52[3] is reasonable. *See Minard v. Kijakazi*, No. 20 Civ. 3730 (GBD) (KNF), 2023 WL 7220055, at *2 (approving a similar hourly rate).

---

[3] While the motion calculates a de facto hourly rate of $592.25 (Mem. at 6), this figure does not account for paralegal time. "Courts in this District frequently account for paralegal time by multiplying the paralegal hours billed by $100.00, subtracting the resulting amount from the requested fee, and then dividing that number by the attorney hours billed to arrive at the de facto hourly rate." *Santiago v. Saul*, No. 19 Civ. 9145 (VSB) (OTW), 2023 WL 2929301, at *2 n.1.

## II. MR. OSBORN IS ORDERED TO REFUND EAJA FEES TO PLAINTIFF

While fee awards may be made under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Having previously received $7,079.19 in EAJA fees (Mem. at 2), Mr. Osborn is directed to refund this amount to Plaintiff upon receipt of the § 406(b) fees.

## III. CONCLUSION

The motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. This Court authorizes the Commissioner to pay $20,432.47 in attorney's fees. Upon receipt of this sum, Mr. Osborn is directed to refund the $7,079.19 EAJA award to Plaintiff.

The Clerk of Court is directed to close the motion at ECF No. 32.

Dated: New York, New York
      June 11, 2024

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge

## II. MR. OSBORN IS ORDERED TO REFUND EAJA FEES TO PLAINTIFF

While fee awards may be made under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Having previously received $7,079.19 in EAJA fees (Mem. at 2), Mr. Osborn is directed to refund this amount to Plaintiff upon receipt of the § 406(b) fees.

## III. CONCLUSION

The motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. This Court authorizes the Commissioner to pay $20,432.47 in attorney's fees. Upon receipt of this sum, Mr. Osborn is directed to refund the $7,079.19 EAJA award to Plaintiff.

The Clerk of Court is directed to close the motion at ECF No. 32.

Dated: New York, New York
      June 11, 2024

SO ORDERED.

*[signature: George B. Daniels]*

GEORGE B. DANIELS
United States District Judge